On Rehearing.
 

 ROGERS, J.
 

 The issues involved are fully set forth in our original opinion. As stated in that opinion, the crucial point in the case is whether the entry of November 5, 1923, reading “Summary Call Docket (No. 219),” indicates a step taken by plaintiff in the prosecution of his suit.
 

 We held that there is no presumption that the entry was made at plaintiff’s instance. Plaintiff, while insisting that there is such a presumption, contends that the placing of the case on the call docket on November 5, 1923, “was demonstrably the affirmative action of the attorneys for the plaintiff.” In support of the contention, plaintiff has filed in this court a supplemental transcript containing a copy of the entire entry of November 5, 1923, on the call docket, and the direction, “Please fix, J. Zach. Spearing.” Plaintiff has also brought up the original call docket of division C of the Civil District Court for the purpose of showing that the entire entry therein is in the handwriting of Ml-. E. R. Mabry, now deceased, who was then associated with Mr. Spearing, plaintiff’s attorney. And plaintiff argues that the record as now made up demonstrates that he did on November 5, 1923, take a step in the prosecution of the suit; and, as-five years had not elapsed when the motion of March 20, 1928, to place
 
 *167
 
 the case on the call docket was made by him, the order of the district court in dismissing his suit for want of prosecution was erroneous and should be reversed.
 

 Defendant contends that the« court cannot consider the evidence referred to by plaintiff, but must decide the case on the record as made in the district court. And that even if the evidence should be considered it offers no bar to the dismissal of the suit under the provisions of article 3519 of the Civil Code, as amended by Act No. 107 of 1898.
 

 Taking up defendant’s contentions in their reverse order, we think that if the entries in the call docket were made on behalf of plaintiff in the orderly course of the litigation they would constitute a step taken by plaintiff in the prosecution of his suit.
 

 In the case of J. Bernard Cocke v. Ferdinand Cavalier et al., 143 So. 33,
 
 [1]
 
 this day detcided, we held that a motion by plaintiff to have the case placed upon the summary call docket was a step in the prosecution thereof within the intendment of the legislative act. In the course of the opinion we said that: “The word ‘prosecution,’ as used in the statute means any move made by plaintiff to continue, to follow up, or to go on or proceed with the case. In order that the case might be finally disposed of and that ‘final judgment’ might be obtained, it was necessary that it be set down for trial. An active move made by plaintiff to ¿ave his case placed on the summary docket of the court so that it may be reached and set for trial is a necessary step in the prosecution thereof.”
 

 Whether plaintiff filed a formal motion or actually placed the case on the call docket himself, or caused it to be done, with the direction that it be fixed, the result accomplished was the same; namely, placing the case in a position where it might be reached and. fixed for trial in the orderly course of proceedings in the district court. Either method of procedure involved an active move on plaintiff’s part in the prosecution of the suit.
 

 Defendant is correct in its contention that this court cannot receive evidence originally, nor consider as evidence documents that were not introduced in the district court. Code Prac. art. 895.
 

 The only way in which new evidence can be presented to this court is to remand the case, which the court has the authority to do under article 906 of the Code of Practice. That article permits this court to remand a case when it is not satisfied to pronounce final judgment on the record as submitted. We think that this case is one'in which we should have all the available data before us in order that we may act advisedly in reaching a'decision.
 

 Plaintiff’s suit was filed on May 5, 1922, and defendant argues that it would be inequitable, after the long delay, not to dismiss the suit for want of prosecution. The answer to the argument is, that the statute on which defendant relies in support of its demand expressly provides that a suit cannot be dismissed if five years has not elapsed from any step taken by plaintiff in its prosecution. No matter how long a suit may be pending, it is not inequitable for a plaintiff against whom the statute is invoked to set up by way of defense that the statutory penalty of dismissal cannot be imposed, because he has not al
 
 *169
 
 lowed five years to elapse between the steps he may have taken in the prosecution of the suit, nor would it be inequitable for a court to maintain such a defense if well founded. There is nothing suggested in the present record why defendant, if it was dissatisfied with plaintiff’s delay in bringing the case to an issue, could not itself have caused the ease to be fixed for trial and disposed of long before it instituted the proceeding which is now under review.
 

 For the reasons assigned, the order appealed from is annulled, and this case is remanded to the district court for further proceedings consistent with the views herein expressed.
 

 BRUNOT, J., dissents.
 

 [1]
 

 175 La. 151.